[Cite as *In re Lodge*, 2010-Ohio-6719.]



# Court of Claims of Ohio
## Victims of Crime Division

The Ohio Judicial Center
65 South Front Street, Fourth Floor
Columbus, OH 43215
614.387.9860 or 1.800.824.8263
www.cco.state.oh.us

IN RE: CHRISTIAN A. LODGE

JACLYN J. MENTAL

CONSTANCE SWACKHAMMER

LARRY E. SWACKHAMMER

   Applicants

Case No. V2010-50175

Commissioners:
Karl C. Kerschner, Presiding
Gregory P. Barwell
Susan G. Sheridan

ORDER OF A THREE
COMMISSIONER PANEL

---

{1}On March 19, 2009, the applicants filed a compensation application as the result of the death of Christian A. Lodge. On July 9, 2009, the Attorney General issued a finding of fact and decision denying the applicants' claims due to the fact that the decedent's death was not the result of criminally injurious conduct. On August 5 and August 10, 2009, the applicants submitted requests for reconsideration. On November 2, 2009, the Attorney General rendered a Final Decision finding no reason to modify the initial decision. On February 18, 2010, the applicants filed a notice of appeal from the November 2, 2009 Final Decision of the Attorney General. Hence, a hearing was held before this panel of commissioners on August 4, 2010 at 3:35 P.M.

{2}The applicant, Larry Swackhammer,[1] and his attorney, Mark Poole, appeared at the hearing, while Assistant Attorney General David Lockshaw represented the state of Ohio.

---

[1]"Applicant" shall be used to refer to Larry Swackhammer throughout this order.

{3}The sole issue on appeal was whether the death of Christian A. Lodge was the result of criminally injurious conduct. The applicant made an oral argument concerning this issue.

{4}The applicant asserts that based upon the coroner's report the cause of the decedent's death was a blunt impact to the head and the manner of death was a homicide. On the night of the fatal injury, the decedent and a companion were engaged in a "playful" wrestling match. Both individuals had been drinking. The applicant proceeded to recount the statements of witnesses to the incident as contained in the Columbus Division of Police investigating report #090101004. The applicant related that one witness, David Segalchik described hearing two cracks, the punch that hit the decedent and the decedent's head hitting the pavement. However, he did not see who hit the decedent. Alexander Knyazhsky, who was interviewed on the night of the incident, stated he was in a group that approached the decedent and his companion who were wrestling and then a pushing and shoving match ensued. Whereupon, he heard two pops; the punch that hit the decedent and the decedent's head hitting the sidewalk.

{5}Next, the applicant summarized the statement of Nils Root, a member of the group that approached the decedent and his companion. Mr. Root asked the wrestlers what they were doing, at which time the decedent and his companion approached the group resulting in a confrontation. The applicant contends the group incited the situation. Based upon Mr. Root's version of the events, Mr. Lodge "took a swing at" him, Mr. Root's friends got in between Mr. Root and Mr. Lodge, he walked away and subsequently Mr. Lodge was punched by an unidentified individual.

{6}The applicant contends that with the exception of Mr. Root, none of the other individuals in the group contend that Mr. Lodge tried to assault them. Based upon the exiguous nature of the evidence and the intoxication of the participants the police were

unable to determine exactly what transpired to cause the fatal injuries sustained by Mr. Lodge.

{7}The applicant asserts the Attorney General erroneously bases the denial of this claim on a lack of prosecution of an offender. The applicant contends the Crime Victims Compensation Act does not require a conviction in order to find an individual eligible to receive compensation from the program. In support of his position, the applicant referred the panel to *In re Adams* (1990), 61 Ohio Misc. 2d 571. The applicant asserts that this case stands for the proposition that a criminal prosecution is unnecessary in order to establish criminally injurious conduct. Furthermore, the applicant contends reliance on *In re Shaffer*, V2008-30367tc (8-26-09) is misplaced. The applicant contends the reliance on the opinion of a prosecutor or a grand jury is counter to the tradition that a panel of commissioners should make its own decision by weighing the evidence on a de novo basis. Finally, applicant asserts the police report places too much reliance on the statements of the group of individuals that approached the decedent and their friends. Accordingly, the police did not gain a true picture of what happened on the night of the fatal injury. This flawed investigation led the prosecutor to the erroneous conclusion that no crime was committed. However, the applicant contends that solely based upon the evidence contained in the claim file, without providing any further testimonial or other substantive evidence at the hearing, it has been established, by a preponderance of the evidence, that the decedent's death was the result of criminally injurious conduct.

{8}The Attorney General reasons that a lack of sufficient evidence exists in order to prove the existence of criminally injurious conduct, by a preponderance of the evidence. Whereupon, the hearing was concluded.

{9}R.C. 2743.51(C)(1) in pertinent part states:

"(C) 'Criminally injurious conduct' means one of the following:

"(1) For the purposes of any person described in division (A)(1) of this section, any conduct that occurs or is attempted in this state; poses a substantial threat of personal injury or death; and is punishable by fine, imprisonment, or death, or would be so punishable but for the fact that the person engaging in the conduct lacked capacity to commit the crime under the laws of this state."

{10}The applicant must prove criminally injurious conduct by a preponderance of the evidence. *In re Rios* (1983), 8 Ohio Misc. 2d 4.

{11}Black's Law Dictionary Sixth Edition (1990) defines preponderance of the evidence as: "the necessity or duty of affirmatively proving a fact or facts in dispute on an issue raised between the parties in a case. The obligation of a party to establish by evidence a requisite degree of belief concerning a fact in the mind of the trier of fact or the court." Plaintiff must produce evidence which furnishes a reasonable basis for sustaining his claim. If his evidence furnishes for only a guess, among different possibilities, as to any essential issue in the case, he fails to sustain the burden as to such issue. *Landon v. Lee Motors, Inc.* (1954), 161 Ohio St. 82, 53 O.O. 25, 118 N.E. 2d 147. In order to establish that an applicant is a victim of criminally injurious conduct, the applicant has the burden to prove by a preponderance of the evidence that: 1) the criminal conduct occurred or was attempted; 2) the criminal conduct posed a substantial threat of personal injury or death; and 3) the criminal conduct was punishable by fine, imprisonment or death. *In re Gradison*, V78-3385jud (1-13-82).

{12}From review of the case file and careful consideration given to the arguments of the parties at the hearing, we find the applicant did not meet his burden of proof to establish that Christian Lodge's death was the result of criminally injurious conduct as defined by R.C. 2743.51(C)(1). In order to prove criminally injurious conduct, the applicant has the burden to prove each and every element by a preponderance of the evidence. That the conduct posed a substantial threat of personal injury or death cannot be questioned since the result of the conduct was Mr.

Lodge's untimely death.  So too, the existence of the confrontation cannot be challenged because the only evidence presented in this case, the Columbus Police Report, recognizes the occurrence.

{13}We are left to address whether the actions which resulted in Mr. Lodge's death were punishable by fine, imprisonment, or death.  While the applicant characterizes the police report as being unduly biased in favor of the alleged offender, based on the statements of his companions and his friends, the police report is the only evidence we were provided at the hearing.  The applicant relied solely upon oral argument at the panel's de novo hearing, and failed to call any witnesses, offer any affidavits, or otherwise contradict or temper any of the statements rendered in the police report.  While the applicant speculated as to the motives of the alleged offender's friends, no concrete evidence was presented to corroborate this hypothesis.

{14}Based on the police report, we find Mr. Lodge and his companion, Jeffrey Daneman, both highly intoxicated, were involved in a wrestling match in front of 182 East 13th Avenue, in Columbus, Ohio.  Detective Raymond Clouse describes the site of the incident as follows:  "On this particular night, February 7, 2009, the sidewalk, driveways and streets were still icy from the storm that had come through earlier that week, making conditions very slippery.  When Detective Fiske and I arrived and stepped out of our city vehicle, I, Detective Clouse, slipped on the ice and almost hit the ground.  Walking was treacherous, let alone trying to get up the incline where all this took place."  After a group of five individuals approached the wrestlers, inquiring as to what they were doing, Mr. Lodge and his friend approached the group and a verbal altercation commenced.  It appears punches were thrown by both groups resulting in the fatal injuries to Mr. Lodge.

{15}We note that the Prosecutor's Office reviewed this case and determined no criminal charges would be filed.  A decision by a prosecutor is not dispositive as to whether or not criminally injurious conduct exists.  A prosecutor is analyzing the facts to determine if each and every element of a criminal offense can be proven beyond a

reasonable doubt. We are directed by the statute to ascertain, by a preponderance of the evidence, whether the conduct in question was criminally injurious conduct. Based solely on the evidence presented to us, the police report, it is this panel's determination that the applicant has failed to sustain his burden of proof. Speculation, conjecture or supposition, without further hearing evidence, does not satisfy the applicant's burden. Therefore, the November 2, 2009 decision of the Attorney General is affirmed.

IT IS THEREFORE ORDERED THAT

{16}1) The November 2, 2009 decision of the Attorney General is AFFIRMED;

{17}2) This claim is DENIED and judgment is entered for the state of Ohio;

{18}3) Costs are assumed by the court of claims victims of crime fund.

_____
KARL C. KERSCHNER
Presiding Commissioner

_____
GREGORY P. BARWELL
Commissioner

_____
SUSAN G. SHERIDAN
Commissioner

ID #I:\Victim Decisions to SC Reporter\Panel Decisions\2010\Sept - Nov 2010\V2010-50175.wpd\DRB-tad

A copy of the foregoing was personally served upon the Attorney General and sent by regular mail to Franklin County Prosecuting Attorney and to:

Filed 10-19-10
Jr. Vol. 2277, Pgs. 18-24
Sent to S.C. Reporter 10-11-11